JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4871 PA (JEMx) | | Date | June 05, 2012 |
|---|---|---|---|---|
| Title | Wells Fargo Bank, N.A. v. Mauricio Suarez, et al. | | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendants Mauricio Suarez and Trisha Suarez ("Defendants") on June 04, 2012. [Docket No. 1.] Plaintiff Wells Fargo Bank, N.A.'s ("Plaintiff") Complaint, filed in Los Angeles County Superior Court, asserts a single cause of action for unlawful detainer. Defendants, who appear pro se, assert that this Court has subject matter jurisdiction on the basis of diversity jurisdiction, 28 U.S.C § 1332, and civil rights jurisdiction, 28 U.S.C. § 1443(1).

When reviewing a notice of removal, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (internal quotation marks omitted)). Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Moreover, removal is proper only in "state-court actions that originally could have been filed in federal court . . . ." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

**I.    Diversity Jurisdiction**

First, Defendants contend removal is proper on the basis of diversity jurisdiction. For diversity jurisdiction to lie, a Notice of Removal must adequately allege that complete diversity exists between the parties and that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332. Defendants have not met – and cannot meet – their burden, however, of demonstrating that the amount in controversy exceeds $75,000.

"[W]hen a state-court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the 'party seeking removal must prove with legal certainty that [the] jurisdictional amount is met.'" Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4871 PA (JEMx) | Date | June 05, 2012 |
|---|---|---|---|
| Title | Wells Fargo Bank, N.A. v. Mauricio Suarez, et al. | | |

(quoting Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 1000 (9th Cir. 2007)). Here, the caption of the Complaint clearly states that the amount demanded is less than $10,000. In unlawful detainer actions, the title to the property is not involved – only the right *to possession* is implicated. Evans v. Superior Court, 67 Cal. App. 3d 162, 170 (1977). Contrary to Defendants' arguments in the Notice of Removal, then, the amount in controversy is determined by the amount of damages sought in the Complaint, rather than the value of the subject real property. Id.; see also, e.g., US Bank N.A. v. Medina, 2012 U.S. Dist. LEXIS 43054, at *4-5 (C.D. Cal. Mar. 27, 2012). Here, Plaintiff's Complaint seeks damages in the amount of $73.33 per day from December 28, 2011, through the date of entry of judgment in its unlawful detainer action, up to a jurisdictional maximum of $10,000. (See Compl. ¶¶ 10-11.) Based upon these facts, it is clear that the $75,000 jurisdictional requirement is not met.

## II.   Civil Rights Jurisdiction

A petition for removal under § 1443(1) must satisfy a two-part test. "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." California v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970). "Second, must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." Id.

Defendants fail to show that removal under § 1443(1) is appropriate because they have not "reference[d] . . . a [California] state statute or a constitutional provision that purports to command the state courts to ignore [Defendant's] federal rights." Patel v. Del Taco, Inc., 446 F.3d 996, 999 (9th Cir. 2006). Defendants appear to argue that removal under this provision is warranted because "Notices [of eviction] are always in English, never bilingual, and so do not acknowledge the large Ethnic/Diversity-cultured people of Los Angeles County." (Notice of Removal ¶ 28.) Defendants also allege that California's nonjudicial foreclosure procedures are unconstitutional. (Id. ¶ 69.) Defendant do not, however, assert that any California statute *commands* the state courts to ignore his federal rights. See, e.g., Medina, 2012 U.S. Dist. LEXIS 43054, at *5 (denying removal under § 1443 of unlawful detainer action where defendant asserted that "California Civil Code procedures authorizing non-judicial foreclosures and judicial evictions violate [federal rights]"). Accordingly, removal based on § 1443(1) is not warranted.

## Conclusion

In light of the foregoing, the Court lacks subject matter jurisdiction over this action. Accordingly, this action is hereby remanded to the Los Angeles County Superior Court, Case No. 12B00398. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.